UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE RUSSO, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>OMADI INC., et al.,<br><br>   Defendants. | Case No. 24-cv-02194-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, OR IN ALTERNATIVE, TO TRANSFER VENUE**<br><br>Re: Dkt. No. 7 |

Pending before the Court is Defendants' motion to dismiss or, in the alternative, to transfer venue. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion, and **TRANSFERS** the case to the District of Utah.

### I. BACKGROUND

On February 20, 2024, Plaintiffs Wayne Russo and Private Property Impound, Inc. ("PPI") filed a complaint against Defendants Omadi Inc. and Traxero North America LLC in Alameda Superior Court. Dkt. No. 1-1 ("Compl."). Plaintiffs allege that they launched an impound business in February 2016 to impound vehicles on private commercial and residential properties. *See id.* at ¶ 14. Plaintiffs contracted with Omadi, a software company, to streamline the towing operations. *Id.* at ¶ 15. Plaintiffs allege that the software repeatedly malfunctioned and failed to store and back up material information, and that Omadi failed to address Plaintiffs' ongoing concerns. *See id.* at ¶¶ 16–18, 20–22. Plaintiffs further allege that these software malfunctions led to the State of California filing criminal charges against Plaintiff Russo in connection with the impounding business. *See id.* at ¶¶ 20–21. Based on these allegations, Plaintiffs bring several causes of action

1  against Defendants, including for breach of contract. *Id.* at ¶¶ 24–54.

2  Defendants removed the case to federal court and filed a motion to dismiss. Dkt. No. 7. In
3  the motion, Defendants argue that Plaintiffs entered into a sales agreement that incorporates a
4  limitation of liability clause and a forum selection clause for disputes regarding Omadi's software.
5  *See* Dkt. No. 7 at 3–11. Defendants therefore urge that, pursuant to this clause, the case should be
6  transferred to the District of Utah. *Id.* In its initial motion, Defendants attached a "Sample Sales
7  Agreement" that was not signed by Plaintiffs. *See* Dkt. No. 7-2, Ex. A. In opposing the motion to
8  dismiss, Plaintiffs responded simply that Defendants had not attached the actual signed contract
9  between the parties. *See* Dkt. No. 23 at 2. After the briefing on the motion to dismiss was
10 complete, Defendants located the actual Omadi Sales Agreement entered into between Omadi and
11 PPI (the "Omadi Sales Agreement"). *See* Dkt. No. 34 at ¶ 4; *see also* Dkt. No. 34-2, Ex. A. The
12 Court granted Defendants' request to file the Omadi Sales Agreement in support of their motion to
13 dismiss. Dkt. No. 48. To avoid any possible prejudice, the Court allowed Plaintiffs the
14 opportunity to supplement their opposition to address the signed agreement. *Id.* Despite this
15 opportunity, Plaintiffs did not file any additional opposition brief.

16 **II.   LEGAL STANDARD**

17 Where an action has been commenced in an improper venue, a court shall, upon hearing of
18 a timely motion, dismiss the action or, if deemed to be in the interest of justice, transfer it to
19 different venue where the case could have been properly brought. 28 U.S.C. § 1406. Even where
20 a plaintiff's chosen venue is proper, a defendant may petition the court for transfer to a different
21 district under 28 U.S.C. § 1404. "For the convenience of the parties and witnesses, in the interest
22 of justice, a district court may transfer any civil action to any other district or division where it
23 might have been brought . . . ." 28 U.S.C. § 1404(a).

24 A forum selection clause may be enforced through a motion to transfer under § 1404(a).
25 *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). As the
26 Supreme Court has explained, a forum selection clause "represents the parties' agreement as to the
27 most proper forum," and accordingly [should be] given controlling weight in all but the most
28 exceptional cases." *Id.* (quotation omitted) (alteration in original). To prove a case is

2

"exceptional," a plaintiff must show that "(1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court." *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 915 (9th Cir. 2019) (quotation omitted) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)). "[T]he plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atl. Marine*, 571 U.S. at 64.

### III. DISCUSSION

As noted above, Defendants argue that Plaintiffs agreed to a forum selection clause, which requires transfer of this case to the District of Utah. *See* Dkt. No. 7 at 9–11; *see also* Dkt. No. 34 at ¶¶ 5–6. Specifically, the Omadi Sales Agreement states in relevant part that Plaintiffs agree to Defendants' Terms of Service:

> This Sales Agreement, together the End User License Agreement (EULA) and Terms of Service (TOS) specified below, constitutes the complete and exclusive statement of all mutual understandings and agreement between Omadi, Inc. ("Omadi") and the client specified above (the "Client") . . . . EULA and TOS can be viewed by clicking on the hyperlinks.  Except as expressly set forth herein, the Sales Agreement may not be amended, changed or modified, except by a written document that is duly signed by each party's authorized representative.
>
> . . .
>
> Omadi licenses listed products to above company for a term of 12 months, subject to EULA and TOS . . . .

*See* Dkt. No. 34-2, Ex. A.  The Terms of Service, in turn, state:

> [A]ny action to enforce the [Terms of Service] shall be brought in the federal or state courts located nearest to Salt Lake City, Utah, USA. You hereby agree to personal jurisdiction by such courts, and waive any jurisdictional, venue, or inconvenient forum objections to such courts.

*See* Dkt. No. 7-3, Ex. B.  Because Plaintiffs seek to hold Defendants liable for alleged defects in their software, Defendants contend that the claims all fall squarely within the forum selection clause.  *See* Dkt. No. 7 at 9–11; *see also* Compl. at ¶ 7 (claiming Defendants are "contractually" liable for the alleged software defects and resulting damages); *id.* at ¶¶ 15–18 (alleging defects in software).

Plaintiffs have not argued that this clause is somehow invalid or fails to encompass the alleged causes of action, or that this is an exceptional case such that the forum selection clause should not be enforced.  The only argument that Plaintiffs raise against transferring the case to the District of Utah is that "Defendants have provided no evidence that Plaintiffs signed such an agreement."  *See* Dkt. No. 23 at 2.  But Defendants have since provided the signed agreement.  Although the Court gave Plaintiffs an opportunity to file a supplemental brief addressing the agreement, they did not do so.  The Court concludes from this silence that Plaintiffs have no meaningful response to it.  The Court therefore **GRANTS** the motion to transfer the case to the District of Utah pursuant to the parties' forum selection clause.

## IV.    CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.  Dkt. No. 7. The Court **GRANTS** the motion to transfer the case to the District of Utah, but otherwise **DENIES** the motion to dismiss without prejudice to raising these arguments before the transferee court.  The Clerk is directed to transfer the case to the District of Utah and to close the case.

**IT IS SO ORDERED.**

Dated:    10/29/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge